UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRIE McCLUSKEY, on behalf of herself
and a class consisting of all of those similarly situated,
EVELYN REISDORFF, and
JAIME YANEZ,

                Case No. 2:09-14345
 Plaintiffs,         Hon. Lawrence J. Zatkoff

v.

BELFORD HIGH SCHOOL, BELFORD UNIVERSITY,
EDUCATION SERVICES PROVIDER, INC.,
INTERNATIONAL ACCREDITATION AGENCY FOR
ONLINE UNIVERSITIES, UNIVERSAL COUNCIL FOR
ONLINE EDUCATION ACCREDITATION,
ZUNCH WORLDWIDE, INC., ZUNCH CHINA, INC.,
MELVILLE P. CROWE, DAN ROBERTSON,
SYDNEY GOLDSTEIN, KEN CALVERT,
WILLIAM J. McTIERNEN, and JOHN DOES 1-35,

 Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 24, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Plaintiffs' motion for order permitting discovery in advance of Rule 12(f) conference [dkt 13] and Plaintiffs' motion for alternate service [dkt 14]. The Court finds that the facts and legal arguments are adequately presented in Plaintiffs' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.

For the following reasons, Plaintiffs' motion for order permitting discovery in advance of Rule 12(f) conference [dkt 13] is GRANTED, and Plaintiffs' motion for alternate service [dkt 14] is GRANTED.

## II. BACKGROUND

Plaintiffs allege that Defendants operate a sophisticated internet ripoff scheme through various websites, which falsely represent the existence of an accredited and legitimate high school, whose diplomas will be widely accepted by employers, professional associations, other schools, colleges and universities. Plaintiffs are adults who obtained illegitimate high school diplomas through Defendants' websites. Despite diligent attempts, Plaintiffs have been unable to serve several of the Defendants personally or by registered mail. According to Plaintiffs, Defendants have listed addresses in Humble, Texas, and West Hollywood, California, but neither location has a physical office or an agent to accept service. Plaintiffs also suspect that the individually named Defendants represent fictitious names. This Court previously denied Plaintiffs' request to serve Defendants by (1) posting at the Wayne County, Macomb County, and Oakland County courthouses; (2) posting on the internet at "www.belfordlawsuit.com," a website created by Plaintiffs to provide information about the suit; and (3) e-mailing those Defendants for whom Plaintiffs have located e-mail addresses. The Court found that Plaintiffs' requested alternate forms of service were not reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard.

Plaintiffs again ask the Court for an order permitting alternate service, but Plaintiffs state that they are now able to provide the Court with evidence proving that such alternate methods of service are reasonably calculated to provide Defendants with actual notice of the proceedings. Plaintiffs

also ask the Court for an order permitting discovery prior to the Rule 26(f) conference in order to allow Plaintiffs to discover the identities and contact information of individual Defendants that Plaintiffs have been unable to locate. Plaintiffs request a 120-day extension of the deadline for service of process to allow Plaintiffs the opportunity to serve the newly discovered Defendants.

### III. ANALYSIS

#### A. DISCOVERY IN ADVANCE OF RULE 26(F) CONFERENCE

The Federal Rules of Civil Procedure generally require a discovery conference under Rule 26(f) prior to the commencement of discovery. However, under Fed. R. Civ. P. 26(d), the Court may enter an order permitting discovery in advance of a scheduling conference. Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."). In deciding whether to permit discovery in advance of the Rule 26(f) conference, the Court should evaluate whether good cause exists. *See Diplomat Pharm., Inc. v. Humana Health Plan, Inc.*, No. 1:08-CV-620, 2008 WL 2923426, at *1 (W.D. Mich. July 24, 2008). *See also* 8A FED. PRAC. & PROC. CIV. § 2046.1 (3rd ed. 2010) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

According to Plaintiffs, Defendants operate a sophisticated internet ripoff scheme through other interrelated websites that falsely represent the existence of an "accredited" and "legitimate" high school. While Plaintiffs have served some Defendants with traditional in-hand service or otherwise, other Defendants have not yet been identified, located, or served despite Plaintiffs'

3

diligent attempts. Plaintiffs claim that Defendants are deliberately attempting to avoid service of process using the anonymity offered by the internet and employing an internet privacy company that serves to keep Defendants' contact information private from the public.

Plaintiffs aver that in order for Defendants to operate their websites, they must contract for services with other entities, including internet domain name registration entities, service providers and web-hosting companies, all of which would have collected discoverable information regarding Defendants' identities and contact information. Plaintiffs are confident that the opportunity to conduct discovery, including the issuance of subpoenas, will permit Plaintiffs to identify and serve several of the individually named Defendants, who may be operating under fictitious names. Therefore, Plaintiffs contend that good causes exists to permit them to conduct discovery prior to the Rule 26(f) conference. Furthermore, Plaintiffs maintain that it would not be unfair to permit the discovery they request, as each non-party can seek to quash or modify a subpoena if appropriate and they choose to do so.

The Court agrees that there is good cause to permit Plaintiffs to conduct discovery in advance of the Rule 26(f) conference. The Court recognizes that Plaintiffs have made diligent attempts to identify and locate each Defendant, but that the circumstances under which this case has arisen have prevented Plaintiffs from obtaining the information they need to proceed with the case. *See UMG Recordings, Inc. v. Doe*, No. C-08-03999 RMW, 2008 WL 4104207, at \*2 (N.D. Cal. Sept, 4, 2008) ("Obviously, a plaintiff cannot have a discovery planning conference with an anonymous defendant. It follows that the discovery the [plaintiffs] are entitled to conduct to identify the defendant must take place before the discovery planning conference because such information will permit the [plaintiffs] to identify John Doe and serve the defendant . . . ."). Accordingly, the Court grants

Plaintiffs' motion to conduct discovery in advance of the Rule 26(f) conference for the limited purpose of discovering information needed to serve the individual Defendants, and the Court grants Plaintiffs' request for a 120-day extension of the deadline in which to serve such Defendants.

**B.     ALTERNATE SERVICE**

Under the Federal Rules of Civil Procedure, individuals and corporations may be served "following state law for serving a summons . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under Michigan law, "[o]n a showing that service of process cannot reasonably be made as provided in this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I). *See also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard.'") (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)); *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) ("The 'reasonably calculated' standard is now widely accepted as the benchmark for resolving questions about the constitutionality of notice procedures.")). Where a party is missing or unknown, even futile attempts at service may be constitutionally permissible.

> This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.

*Mullane*, 339 U.S. at 317.

Plaintiffs request permission to serve the identified Defendants by: (1) e-mail; (2) facsimile;

(3) serving the entities through which Defendants registered their internet domain names and the entities that host Defendants' websites; (4) posting on the internet; and (5) the "live chat" feature on Defendants' websites.

## 1. E-Mail

Numerous federal courts have held that service by e-mail is appropriate and consistent with Due Process in circumstances where the party to be served does business on the internet and via e-mail. *See Chanel, Inc. v. Song Xu*, No. 2:09-cv-02610-cgc, 2010 WL 396357, at *4 (W.D. Tenn. Jan. 27, 2010) (permitting alternate service by e-mail where the physical address provided in connection with the registration of the defendant's internet domain name was determined to be invalid, but e-mails sent to the defendant were not returned as "undeliverable" and a return receipt was received for each e-mail); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (permitting alternate service by e-mail where the plaintiff located several of the defendant's e-mail addresses, and e-mails sent to those addresses did not "bounce back"). *See also Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal courts, e-mail may be the only means of effective service of process."); *Gaffigan v. Does 1-10*, 689 F.Supp.2d 1332, 1342 (S.D. Fla. 2010) ("[I]n this case, email was the method of communication used by Defendants in confirming orders placed on its websites, and thus, e-mail should be calculated to provide Defendants with notice.").

Plaintiffs argue that service by e-mail is reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard because Defendants operate their business using e-mail. Plaintiffs have identified that Defendants do business under the following e-mail

6

address: care@belfordhighschool.com. Defendants use e-mail as means of communicating with prospective and current students. Plaintiffs have provided the Court with declarations from individuals confirming that they received e-mails from this address, and that e-mails were sent to this address. Furthermore, Plaintiffs have secured the use of an e-mail tracking service that follows the progress of an e-mail and reports whether and when the e-mail arrives at its destination address and whether it is opened. Utilizing this service, Plaintiffs sent an e-mail to Defendants' e-mail address, and the tracking system confirmed that it was received and opened. Accordingly, the Court finds that service by e-mail is reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard.

  **2. Facsimile**

Plaintiffs maintain that Defendants conduct business in part by facsimile, that they have an active fax line through which they receive communications, and that service by facsimile is therefore reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard. According to Plaintiffs, when diplomas issued by Defendants are rejected by schools and employers, former students often ask for refunds. According to one of the putative class members in this suit, Defendants' procedure for issuing a refund requires the student to obtain a letter from the rejecting organization and fax the letter to Defendants. The putative class member faxed Defendants her rejection letter, and she received a fax confirmation, showing that Defendants received her fax. Since Plaintiffs have demonstrated that Defendants have a working fax line through which they receive facsimilies, the Court finds that service by facsimile is therefore reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard.

### 3. Web-Hosting Companies

Plaintiffs contend that Defendants can be contacted and provided with notice of the proceedings by serving the entities that provide Defendants privacy for the registration of their website domain names and the entities that host their websites.

Plaintiffs state that when an entity registers a domain name, such as www.belfordhighschool.com, with the Internet Corporation for Assigned Names and Numbers, a physical address, e-mail address, and other contact information are required to be provided to the domain registrar. Defendants' website is registered through Direct Privacy, LTD, found at www.directnic.com, which uses a privacy program that prevents the public from learning the identity of the registrant. According to Plaintiffs, the privacy program displays generic contact information for the website, and any e-mails received at that address are forwarded to the registrant's preferred e-mail address. As a result, Plaintiffs contend that any e-mail sent to the proxy service e-mail address for Belford High School, belfordhighschool.com@directnicprivacy.com, will be forwarded to Defendants. While Plaintiffs present an interesting argument, it appears that their theory has not been sufficiently tested at this point such that the Court is persuaded that an e-mail sent to Direct Privacy, LTD is in fact reasonably calculated to reach Defendants. For instance, the Court permitted Plaintiffs to serve Defendants through e-mail and facsimile based in part on Defendants' actual communications using those methods.

Plaintiffs also state that Defendants have entered into contractual relationships with several web-hosting companies, which provide services for Defendants' websites, and that serving these entities is reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard. However, the Court finds that service upon an entity having a contractual

relationship with Defendants is not reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard, as there is no certainty that such entities will forward the notice to Defendants.

### 4. Posting on the Internet

Plaintiffs assert that posting notice of the lawsuit on the internet is reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard because Defendants conduct business over the internet, and because Defendants are already aware of the lawsuit. Shortly after this action was filed, counsel for Plaintiffs posted information about the suit at www.belfordlawsuit.com. Plaintiff Carrie McCluskey was then contacted via telephone by "Dominic Wright," who asked McCluskey to confirm that she was involved in the lawsuit. McCluskey had previously spoken with Wright when trying to procure a refund from Defendants. Thereafter, the following website was established, purportedly attacking Plaintiffs' counsel: www.maliciousbelfordlawsuit.com. Plaintiffs state that the website declared "victory" after this Court denied Plaintiffs' initial motion for alternate service. According to Plaintiffs, however, the most compelling evidence that Defendants are aware of this suit, and that posting on the internet is reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard, is that Defendants are paying search engines such as Google so that Defendants' website, www.belfordhighschool.com, will appear at the top of the search results when internet users search for information about the "Belford lawsuit."

However, the Court finds that posting notice of this lawsuit on the internet is not reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard, especially in light of the alternate methods of service the Court has permitted.

### 5. Live Chat

Plaintiffs also assert that Defendants can be served through the "live chat" feature on their website, www.belfordhighschool.com, which permits prospective students to communicate in writing directly with agents of the school in a live question and answer format. Plaintiffs contend that Defendants use this means of communication to operate their business, and that this service is currently active. Since Defendants' live chat feature allows persons to speak directly with Defendants' agents live and in writing, the Court finds that service through this feature is reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard.

### IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion for order permitting discovery in advance of Rule 12(f) conference [dkt 13] is GRANTED, and Plaintiffs' motion for alternate service [dkt 14] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290